## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **MONICA BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 2:22-cv-2293** |
| **v.** | § | |
| | § | |
| **LAFRENIERE ASSISTED** | § | **JURY TRIAL DEMANDED** |
| **LIVING CENTER and JOHN** | § | |
| **DOE** | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

Plaintiff MONICA BROWN ("Ms. Brown" or "Plaintiff"), by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendants, LAFRENIERE ASSISTED LIVING CENTER ("Lafreniere" or "Defendant Lafreniere") and John Doe ("Doe" or "Defendant Doe") for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., the Louisiana Employment Discrimination Law ("LEDL"), La. Stat. § 23:332 *et seq.*, Louisiana tort law and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is an action brought by Plaintiff seeking damages from Defendants for acts of harassment based on her sex, retaliation, negligence, assault, battery, intentional infliction of emotional distress, and negligent hiring, supervision, and retention. Defendants' acts are in violation of Title VII, the LEDL and any other causes of action that can be inferred from the facts set forth herein.

2.      Defendant Lafreniere employed both Plaintiff and Defendant Doe in Metairie, Louisiana. Plaintiff was subjected to a sexually hostile work environment. Defendant Lafreniere then terminated her in retaliation after she reported the harassment to Lafreniere management.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended, and (iii) 42 U.S.C. §§ 1981 *et seq*., as amended.

4.      The Court's supplemental jurisdiction over Plaintiff's state law claims is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to claims occurred in this District. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and/or reside in this District.

## PARTIES

6.      Plaintiff is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times a resident of Marrero, Louisiana

7.      Defendant Lafreniere is an assisted living center located at 6555 Manor Park Drive, Metairie, Louisiana 70003.

**ORIGINAL COMPLAINT**

8.     Defendant John Doe is former or current employee of Defendant Lafreniere who, upon information and belief, is a resident of Louisiana.

9.     During all relevant times, Defendant Lafreniere has been an employer covered by Title VII.

10.     At all relevant times, Plaintiff was Defendant Lafreniere's employee and therefore covered by Title VII.

11.     Defendants have transacted business in Louisiana by, among other things, employing persons at facilities located within Louisiana and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

12.     Plaintiff, who has herein alleged claims pursuant to Title VII, filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

13.     Plaintiff has received her Notice of Right to Sue letter.

## STATEMENT OF FACTS

14.     Ms. Brown was employed as a Personal Care Assistant for Lafreniere Assisted Living Center in Metairie, Louisiana from July 2020 to March 2021.

15.     Defendant Doe, the Maintenance Director at the facility, began harassing Ms. Brown in or around January 2021.

16.     Shortly after, in or around January 2021, Doe approached Ms. Brown at work and told her how much he wanted to have sex with her, explicitly detailing where and how. Ms. Brown immediately told her manager, but no remedial action was taken. Ms. Brown was expected to keep working with Doe as he continued to harass her.

17.     In or around February 2021, Doe called Ms. Brown and another female employee "hoes." When Ms. Brown found out he had called her that, she reported it to her superior, Madelon

ORIGINAL COMPLAINT

Redmann ("Ms. Redmann"). Ms. Redmann called Ms. Brown into her office and told her she would speak to Doe about what he said. Ms. Brown never heard back from Ms. Redmann.

18.     In or around February 2021, while at work, Doe approached Ms. Brown and attempted to unzip her shirt. He then asked Ms. Brown if she was wearing panties and expressed to Ms. Brown how much he wanted to "eat her from front to back." Ms. Brown immediately filed a complaint with Ms. Redmann about the incident.

19.     Ms. Redmann reassured Ms. Brown that an investigation would take place and that corrective action would be taken, if necessary.

20.     Two weeks passed and Ms. Brown had yet to hear from Ms. Redmann, or anyone else in the Human Resources Department about her complaint or the investigation.

21.     Approximately two weeks after Defendant Doe's assault of Ms. Brown, in or around March 2021, Ms. Brown received a phone call from Defendant Lafreniere informing her that she had been terminated. No reason was given for her termination.

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.**
**(Sex Discrimination)**
**AGAINST DEFENDANT LAFRENIERE**

22.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

23.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant Lafreniere has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

24.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment)**

**ORIGINAL COMPLAINT**

**AGAINST DEFENDANT LAFRENIERE**

25.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

26.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant Lafreniere has subjected Plaintiff to a sexually hostile work environment. Plaintiff was subjected to severe or pervasive unwelcome sexual conduct that altered her working conditions.

27.     Defendant's unlawful conduct resulted in Plaintiff's constructive discharge.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.**
**(Retaliation)**
**AGAINST DEFENDANT LAFRENIERE**

28.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

29.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant Lafreniere has engaged in retaliation in response to Plaintiff's protected actions. Specifically, Plaintiff made complaints about the harassment she experienced, and made requests for remedial action. In response, Plaintiff was subjected to further harassment, ignored, and ultimately terminated.

30.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
**Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq*.**
**(Sex Discrimination)**
**AGAINST DEFENDANT LAFRENIERE**

31.     Plaintiff is a member of a protected class and repeats and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

**ORIGINAL COMPLAINT**

32.     The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*, as Defendant Lafreniere has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

33.     Due to Plaintiff's sex, Defendant Lafreniere has subjected Plaintiff to discrimination and harassment.

34.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
**Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.***
**(Hostile Work Environment)**
**<u>AGAINST DEFENDANT LAFRENIERE</u>**

35.     Plaintiff is a member of a protected class and repeats and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

36.     The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*, as Defendant Lafreniere engaged in gender harassment and has created, maintained, and condoned a hostile work environment towards Plaintiff. Plaintiff was subjected to severe or pervasive uninvited sexual harassment that affected the terms and conditions of her employment.

37.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF**
**Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.***
**(Retaliation)**
**<u>AGAINST DEFENDANT LAFRENIERE</u>**

38.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations in the preceding paragraphs, as if fully set forth herein.

39.     The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* as Defendant Lafreniere retaliated against Plaintiff for her protected

**ORIGINAL COMPLAINT**

actions. Namely, Plaintiff complained about her harassment and requested that reasonable remedial action be taken. In response, Plaintiff has been subjected to further harassment, and was ultimately terminated.

40.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A SEVENTH CAUSE OF ACTION FOR**
**Negligence**
**AGAINST DEFENDANT LAFRENIERE**

41.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if they were fully set forth herein.

42.     Defendant Lafreniere owed a duty of care to Plaintiff, namely to provide a safe working environment.

43.     Defendant Lafreniere breached that duty when they failed to take remedial action against Defendant John Doe after Plaintiff placed Defendant Lafreniere on notice of his repeated and aggressive harassment of Plaintiff.

44.     Defendant Lafreniere's breach proximately caused Plaintiff's damages.

45.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A EIGTH CAUSE OF ACTION FOR**
**Negligent Hiring, Supervision, and Retention**
**AGAISNT DEFENDANT LAFRENIERE**

46.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if they were fully set forth herein.

47.     Defendant Lafreniere owed a duty to hire, supervise, train, and retain competent employees.

48.     Defendant Lafreniere knew or should have known that Defendant Doe was unfit, and that his unfitness created a risk to others.

**ORIGINAL COMPLAINT**

49.     Defendant's negligence in retaining Defendant Doe proximately caused Plaintiff harm.

50.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A NINTH CAUSE OF ACTION FOR**
**Assault**
**AGAINST DEFENDANT DOE**

51.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if they were fully set forth herein.

52.     Defendant Doe intentionally or knowingly placed Plaintiff in apprehension of harmful or offensive conduct.

53.     Defendant Doe's action proximately caused harm to Plaintiff.

54.     Plaintiff's requests for relief are set forth below.

**AS AND FOR A TENTH CAUSE OF ACTION FOR**
**Battery**
**AGAINST DEFENDANT DOE**

55.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if they were fully set forth herein.

56.     Defendant Doe intentionally or knowingly caused harmful or offensive contact with Plaintiff's body.

57.     Defendant Doe's action proximately caused harm to Plaintiff.

58.     Plaintiff's requests for relief are set forth below.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR**
**Intentional Infliction of Emotional Distress**
**AGAINST DEFENDANT DOE**

59.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if they were fully set forth herein.

**ORIGINAL COMPLAINT**

60.    Defendant Doe acted in a manner that was extreme or outrageous.

61.    Defendant Doe acted intentionally or recklessly.

62.    Defendant Doe's actions caused Plaintiff severe emotional distress.

63.    Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

64.    Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A.  A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*

B.  All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendants' discriminatory practices, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

C.  Exemplary and punitive damages due to Defendants' malice or reckless indifference to Plaintiff's federally protected rights, so as to deter future malicious and/or reckless conduct.

D.  Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E.  Pre-judgment and post-judgment interest, as provided by law;

F.  That the Court retain jurisdiction over Defendant Lafreniere until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

G.  Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H.  Training on the subject of employment discrimination for all of Defendant Lafreniere's employees;

**ORIGINAL COMPLAINT**

I.   Sexual harassment training for all managers conducted by reputable outside vendors;

J.   Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination, including sexual harassment.

K.   Active monitoring of the work areas to ensure compliance with discrimination policies;

L.   Monitoring by the Court or a federal agency to ensure that Defendant Lafreniere complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: July 22, 2022

Respectfully submitted,

*/s/Philip Bohrer*_____
Philip Bohrer
Louisiana State Bar No. 14089
phil@bohrerbrady.com
Bohrer Brady LLC
8712 Jefferson Highway, Suite B
Baton Rouge, LA  70809
Telephone:  (225) 925-5297

Jay D. Ellwanger (PHV to be filed)
Texas State Bar No. 24036522
jellwanger@equalrights.law
Meghan V. Romere (PHV to be filed)
Texas State Bar No. 24125843
mromere@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ORIGINAL COMPLAINT**